NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

SHEILA D. JACKSON and                    :
CHARLES JACKSON,                              **Hon. Joseph H. Rodriguez**
                                         :
          Plaintiffs,                         **Civil Action No. 10-1867**
                                         **:**
     v.                                       **OPINION AND ORDER**
                                         :
ALLEN T. HOOVER, and A & L FOODS, INC.,
and PENSKE TRUCK LEASING CO., L.P.,      :

          Defendants.                    :
_____

     This matter comes before the Court on a motion for summary judgment [Dkt.

Entry No. 18], filed by Plaintiffs pursuant to Federal Rule of Civil Procedure 56.  For the

reasons that follow and because Defendants have not filed any opposition, the motion

will be granted.

## BACKGROUND

     This case arises from an automobile accident.  On September 22, 2009, at

approximately 11:52 a.m., Plaintiff Sheila D. Jackson was operating her motor vehicle

southbound on Route 73 near the intersection of Route 73 and Edgewood Avenue in

Berlin, New Jersey.  As Plaintiff was bringing her vehicle to a stop at the intersection,

her vehicle was struck in the rear by a vehicle being driven by Defendant Allen T.

Hoover.  (Pl.'s Ex. B, Hoover Dep., p. 25.)  The responding officer's crash investigation

report indicates that Defendant stated he applied the brakes but was unable to avoid

striking Plaintiff's vehicle.  (Pl.'s Ex. I.)  Defendant was issued a traffic summons for

careless driving to which he entered a plea of guilty without reservation.  (Pl.'s Ex. A,

Hoover Dep., pp. 10-11.)  Although Defendant maintains that his brakes did not work properly, he admits that his vehicle struck the rear of Plaintiff's vehicle and that Plaintiff in no way caused or contributed to the occurrence of the accident.  (Id. at pp. 11-12.)

Plaintiff and her husband, Charles Jackson, filed a Complaint on April 13, 2010 [Dkt. Entry No. 1] and an Amended Complaint on April 28, 2010 [Dkt. Entry No. 4], alleging personal injury as a result of the accident.  Plaintiff now moves for summary judgment, arguing that Defendant is liable as a matter of law for the accident.

## DISCUSSION

### A.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the movant has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The movant satisfies its burden by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

2

declarations, stipulations . . . admissions, interrogatory answers, or other materials" that establish the absence of a present dispute.  Fed. R. Civ. P. 56(c)(1)(A).

Once the moving party has met this burden, the nonmoving party must show, by affidavits or otherwise, the presence of a genuine dispute for trial.  Celotex, 477 U.S. at 323; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994); accord Fed. R. Civ. P. 56(c)(1).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Andersen, 477 U.S. at 256-57.  "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)).

Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Credibility determinations are the province of the factfinder.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## B.    Analysis

To prevail on a claim of negligence, a plaintiff must establish that the "defendant

breached a duty of reasonable care, which constituted a proximate cause of the plaintiff's injuries." Brown v. Racquet Club of Bricktown, 95 N.J. 280, 288, 471 A.2d 25 (1984). The New Jersey Supreme Court has stated:

> It is elementary that a following car in the same lane of traffic is obligated to maintain a reasonably safe distance behind the car ahead, having due regard to the speed of the preceding vehicle and the traffic upon the condition of the highway.  Failure to do so, resulting in a collision, *is* negligence . . .

Dolson v. Anastasia, 258 A.2d 706, 710 (N.J. 1969) (citing Stackenwalt v. Washburn, 198 A.2d 454 (N.J. 1964)).  See also Jones v. Bennett, 703 A.2d 1008, 1012 (N.J. Super. App. Div. 1998) (noting that "the failure to maintain a reasonably safe distance behind the vehicle ahead resulting in a collision is negligence as a matter of law").

Here, the undisputed facts lead to the inescapable conclusion that Defendant was unable to stop his vehicle in time to respond to a normal traffic condition and collided into the rear of Plaintiff's vehicle.  Defendant admits that Plaintiff in no way contributed to the occurrence of the accident and does not oppose the present motion.  Thus, summary judgment on the issue of Defendant's liability will be granted.

## CONCLUSION

For the foregoing reasons, and because Defendants have not opposed this motion,

IT IS ORDERED this 7th day of April, 2011 that Plaintiffs' Motion for Summary Judgment [Dkt. Entry No. 18] is hereby GRANTED

　　　　　　　　　　 /s/ Joseph H. Rodriguez　
　　　　　　　　　　Hon. Joseph H. Rodriguez,
　　　　　　　　　　United States District Judge

4